ADAM R. FULTON, ESQ.
Nevada Bar No. 11572
afulton@jfnvlaw.com
LOGAN G. WILLSON, ESQ.
Nevada Bar No. 14967
logan@jfnvlaw.com
**JENNINGS & FULTON, LTD.**
2580 Sorrel Street
Las Vegas, NV 89146
Telephone: (702) 979-3565
Facsimile: (702) 362-2060
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVID PERSI, an individual, | Case No.: 2:22-cv-2087 |
| Plaintiff, | |
| vs. | |
| MGM GRAND HOTEL, LLC, a Nevada Limited Liability Company; DOES I-X, inclusive; and ROE CORPORATIONS I-X, inclusive, | **COMPLAINT** |
| Defendants. | |

Plaintiff DAVID PERSI, by and through his attorneys of record, ADAM R. FULTON, ESQ. and LOGAN G. WILLSON, ESQ., of the law firm of JENNINGS & FULTON, LTD., hereby files this Complaint against Defendants MGM GRAND HOTEL, LLC, DOES I-X, and ROE CORPORATIONS I-X and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff DAVID PERSI is an individual that at all relevant times herein was a resident of Clark County, Nevada.

2. Defendant MGM GRAND HOTEL, LLC ("MGM") is a Nevada Limited Liability Company conducting business in Clark County, Nevada at all relevant times herein.

3. Plaintiff does not know the true names of the individuals, corporations, partnerships and entities sued and identified in fictitious names as DOES I through X and ROE CORPORATIONS I through X, specifically any parent or sister company of MGM. Plaintiff alleges that such Defendants assisted or participated in activities that resulted in damages suffered by Plaintiff as more fully discussed under the claims for relief set forth below. Plaintiff requests leave of this Honorable Court to amend this Complaint to show the true names and capacities of each such fictitious Defendants when Plaintiff discovers such information.

4. This Court has personal jurisdiction over all parties, as all parties involved are either residents of Clark County, Nevada or conduct business in Clark County, Nevada.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C § 1331 in that this case arises under federal and state law, specifically for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and Nevada's Unlawful Employment Practices statute, NRS 613.330.

6. Venue is proper because all events giving rise to Plaintiff's claims occurred in Clark County, Nevada.

## ADMINISTRATIVE PREREQUISITES

7. More than 30 days prior to the institution of this lawsuit, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII and NRS 613.330 by MGM.

8. On September 27, 2022, the EEOC issued Mr. Persi a Notice of Right to Sue, giving him 90 days from receipt of such notice to file his Complaint related to his Title VII and NRS 613.330 claims. *See* Exhibit 1.

## GENERAL ALLEGATIONS

9. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set

forth herein.

10. Mr. Persi began his employment at MGM in 2002 as a Conversion Technician and was later promoted to Conversion Manager at the MGM Grand Garden Arena.

11. Mr. Persi was an exemplary employee for nearly 20 years.

12. On August 16, 2021, MGM Resorts International ("MRI") announced that all salaried employees and all new hires employed at any MRI subsidiary, including MGM, must be fully vaccinated from Covid-19 by October 15, 2021 ("Vaccination Mandate").

13. MGM required all salaried employees and new hires who did not work exclusively from home to receive a Covid-19 vaccination by October 15, 2021.

14. Mr. Persi timely submitted his religious exemption ("Religious Exemption") identifying his sincerely held Christian beliefs.

15. An MGM representative then submitted a questionnaire for Mr. Persi to fill out regarding his Religious Exemption.

16. Mr. Persi responded to nine (9) questions MGM provided.

17. Specifically, Mr. Persi identified that he sought an exemption based on his religious convictions, he identified that the vaccine contained aborted fetal cells, that the body is the temple of the lord, and that he is Christian.

18. Mr. Persi attached a letter from Senior Pastor J.D. Farag of the Calvary Chapel.

19. MGM denied Mr. Persi's Religious Exemption and disputed his sincerely held religious beliefs.

20. MGM asserted that it could not grant the Religious Exemption because it would interfere with Mr. Persi's guest and employee interactions, the same interactions non-salaried and/or non-vaccinated employees would face.

21. MGM summarily concluded that granting the Religious Exemption would be an

-3-

undue hardship and gave Mr. Persi until October 15, 2021 to get fully vaccinated.

22. Due to his sincerely held religious beliefs, Mr. Persi did not get vaccinated and was subsequently terminated based on the same.

23. MGM subjected Mr. Persi to disparate treatment because of his religion that unvaccinated hourly MGM employees were not subject to.

24. Mr. Persi belonged to a protected class.

25. Mr. Persi was qualified to and performed his job satisfactorily for numerous years and suffered adverse employment action simply because of his religion.

26. Similarly situated individuals outside of Mr. Persi's protected class were treated more favorably by not being subject to MGM's Vaccination Mandate.

27. MGM separated its employees, specifically Mr. Persi, who submitted religious exemptions into their own separate class based on sincerely held religious beliefs.

28. There was no undue hardship to MGM because Mr. Persi would have continued to exercise social distancing, worn masks, and subject himself to Covid-19 testing.

29. Moreover, MGM provided on-site Covid-19 testing for employees, making it feasible for Mr. Persi to receive testing on property.

30. Notably, non-salaried employees were not subject to the Vaccination Mandate despite working for various MRI properties nor were various independent contractors who worked at the MGM Grand Garden Arena.

31. Moreover, MGM no longer maintains the Vaccination Mandate for salaried employees.

32. If the Vaccination Mandate was for safety, it would be applied across the board, not simply to salaried employees who make up a fraction of all MGM employees.

33. As a direct and proximate result of the aforementioned acts and/or omissions, MGM

violated Title VII and NRS 613.330, and retaliated against Plaintiff.

34. Plaintiff has been forced to hire an attorney to prosecute this action and therefore seek recovery of his attorneys' fees and costs.

## FIRST CLAIM FOR RELIEF

**(Discrimination on the Basis of Religion in Violation of Title VII, 42 U.S.C § 2000e, *et seq.*)**

35. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

36. After MGM implemented the Vaccination Mandate, Mr. Persi timely submitted his Religious Exemption and his response to MGM's questionnaire, MGM denied Mr. Persi's Religious Exemption and subsequently terminated him.

37. Due to his sincerely held religious beliefs, Mr. Persi did not get vaccinated and was subsequently terminated based on the same.

38. MGM subjected Mr. Persi to disparate treatment because of his religion that unvaccinated hourly MGM employees were not subject to.

39. Mr. Persi belonged to a protected class.

40. Mr. Persi was qualified to and performed his job satisfactorily for numerous years and suffered adverse employment action simply because of his religion.

41. Similarly situated individuals outside of Mr. Persi's protected class were treated more favorably by not being subject to MGM's Vaccination Mandate.

42. MGM separated its employees, specifically Mr. Persi, who submitted religious exemptions into their own separate class based on sincerely held religious beliefs.

43. There was no undue hardship to MGM because Mr. Persi would have continued to exercise social distancing, worn masks, and subject himself to Covid-19 testing.

44. Moreover, MGM provided on-site Covid-19 testing for employees, making it

feasible for Mr. Persi to receive testing on site.

45. Notably, non-salaried employees were not subject to the Vaccination Mandate despite working for various MGM properties.

46. Moreover, MGM no longer maintains the Vaccination Mandate for salaried employees.

47. If the Vaccination Mandate was for safety, it would be applied across the board, not simply to salaried employees who make up a fraction of all MGM employees.

48. MGM subjected Mr. Persi to unequal terms and conditions of employment due to his religion in violation of Title VII, 42 U.S.C § 2000e, *et seq.*

49. Plaintiff has been forced to hire an attorney to prosecute this action and therefore seek recovery of his attorneys' fees and court costs.

## SECOND CLAIM FOR RELIEF

**(Retaliation in Violation of Title VII, 42 U.S.C § 2000e, *et seq.*)**

50. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

51. After MGM implemented the Vaccination Mandate, Mr. Persi timely submitted his Religious Exemption and his response to MGM's questionnaire, MGM denied Mr. Persi's Religious Exemption and subsequently terminated him.

52. Due to his sincerely held religious beliefs, Mr. Persi did not get vaccinated and was subsequently terminated based on the same.

53. MGM subjected Mr. Persi to disparate treatment because of his religion that unvaccinated hourly MGM employees were not subject to.

54. Mr. Persi belonged to a protected class.

55. Mr. Persi was qualified to and performed his job satisfactorily for numerous years

and suffered adverse employment action simply because of his religion.

56. Similarly situated individuals outside of Mr. Persi's protected class were treated more favorably by not being subject to MGM's Vaccination Mandate.

57. MGM separated its employees, specifically Mr. Persi, who submitted religious exemptions into their own separate class based on sincerely held religious beliefs.

58. There was no undue hardship to MGM because Mr. Persi would have continued to exercise social distancing, worn masks, and subject himself to Covid-19 testing.

59. Mr. Persi worked through the Covid-19 pandemic without any issues regarding MGM's safety measures and complied with all policies up until the Vaccination Mandate.

60. Moreover, MGM provided on-site Covid-19 testing for employees, making it feasible for Mr. Persi to receive testing on site.

61. Notably, non-salaried employees were not subject to the Vaccination Mandate despite working for various MGM properties.

62. Moreover, MGM no longer maintains the Vaccination Mandate for salaried employees.

63. If the Vaccination Mandate was for safety, it would be applied across the board, not simply to salaried employees who make up a fraction of all MGM employees.

64. MGM retaliated against Mr. Persi in violation of Title VII, 42 U.S.C § 2000e, *et seq*.

65. Plaintiff has been forced to hire an attorney to prosecute this action and therefore seek recovery of his attorneys' fees and court costs.

### THIRD CLAIM FOR RELIEF

**(Discrimination on the Basis of Religion in Violation of NRS 613.330)**

66. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set

forth herein.

67. Pursuant to the provisions of NRS 613.330(1)(a), it is an unlawful employment practice for an employer to discharge any person, or otherwise to discriminate against any person with respect to the person's compensation, terms, conditions or privileges of employment, because of his or her religion.

68. Pursuant to the provisions of NRS 613.330(1)(a), it is an unlawful employment practice for an employer to adversely affect an employee's status because of his or her religion.

69. After MGM implemented the Vaccination Mandate, Mr. Persi timely submitted his Religious Exemption and his response to MGM's questionnaire, MGM denied Mr. Persi's Religious Exemption and subsequently terminated him.

70. Due to his sincerely held religious beliefs, Mr. Persi did not get vaccinated and was subsequently terminated based on the same.

71. MGM subjected Mr. Persi to disparate treatment because of his religion that unvaccinated hourly MGM employees were not subject to.

72. Mr. Persi belonged to a protected class.

73. Mr. Persi was qualified to and performed his job satisfactorily for numerous years and suffered adverse employment action simply because of his religion.

74. Similarly situated individuals outside of Mr. Persi's protected class were treated more favorably by not being subject to MGM's Vaccination Mandate.

75. MGM separated its employees, specifically Mr. Persi, who submitted religious exemptions into their own separate class based on sincerely held religious beliefs.

76. There was no undue hardship to MGM because Mr. Persi would have continued to exercise social distancing, worn masks, and subject himself to Covid-19 testing.

77. Moreover, MGM provided on-site Covid-19 testing for employees, making it

feasible for Mr. Persi to receive testing on site.

78. Notably, non-salaried employees were not subject to the Vaccination Mandate despite working for various MGM properties.

79. Moreover, MGM no longer maintains the Vaccination Mandate for salaried employees.

80. If the Vaccination Mandate was for safety, it would be applied across the board, not simply to salaried employees who make up a fraction of all MGM employees.

81. Mr. Persi's damages resulted from an occurrence of the nature which NRS 613.330 is designed to prevent.

82. Moreover, Mr. Persi is within the class of persons NRS 613.330 is designed to protect.

83. Plaintiff has been forced to hire an attorney to prosecute this action and therefore seek recovery of his attorneys' fees and court costs.

## FOURTH CLAIM FOR RELIEF

**(Retaliation in Violation of NRS 613.330)**

84. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

85. After MGM implemented the Vaccination Mandate, Mr. Persi timely submitted his Religious Exemption and his response to MGM's questionnaire, MGM denied Mr. Persi's Religious Exemption and subsequently terminated him.

86. Due to his sincerely held religious beliefs, Mr. Persi did not get vaccinated and was subsequently terminated based on the same.

87. MGM subjected Mr. Persi to disparate treatment because of his religion that unvaccinated hourly MGM employees were not subject to.

88. Mr. Persi belonged to a protected class.

89. Mr. Persi was qualified to and performed his job satisfactorily for numerous years and suffered adverse employment action simply because of his religion.

90. Similarly situated individuals outside of Mr. Persi's protected class were treated more favorably by not being subject to MGM's Vaccination Mandate.

91. MGM separated its employees, specifically Mr. Persi, who submitted religious exemptions into their own separate class based on sincerely held religious beliefs.

92. There was no undue hardship to MGM because Mr. Persi would have continued to exercise social distancing, worn masks, and subject himself to Covid-19 testing.

93. Moreover, MGM provided on-site Covid-19 testing for employees, making it feasible for Mr. Persi to receive testing on site.

94. Notably, non-salaried employees were not subject to the Vaccination Mandate despite working for various MGM properties.

95. Moreover, MGM no longer maintains the Vaccination Mandate for salaried employees.

96. If the Vaccination Mandate was for safety, it would be applied across the board, not simply to salaried employees who make up a fraction of all MGM employees.

97. MGM retaliated against Mr. Persi in violation of NRS 613.330.

98. Plaintiff has been forced to hire an attorney to prosecute this action and therefore seek recovery of his attorneys' fees and court costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays as follows:

1. For judgment against Defendants for Plaintiff's compensatory damages, together with interest thereon until entry of judgment;

2.	For judgment against Defendants for Plaintiff's lost wages and backpay, together with interest thereon until entry of judgment;

3.	For an award of punitive damages against MGM for its violation of Title VII and NRS 613.330, together with interest thereon until entry of judgment;

4.	For entry of an order compelling Defendant to pay Plaintiff's costs and attorneys' fees;

5.	Consequential and incidental damages according to proof at trial;

6.	For special damages; and

7.	For such other and further relief as the Court may deem just and proper.

DATED: December 16th, 2022                                  **JENNINGS & FULTON, LTD.**

By:  */s/ Adam R. Fulton, Esq.*
ADAM R. FULTON, ESQ.
Nevada Bar No. 11572
afulton@jfnvlaw.com
LOGAN G. WILLSON, ESQ.
Nevada Bar No. 14967
logan@jfnvlaw.com
2580 Sorrel Street
Las Vegas, NV 89146
*Attorneys for Plaintiff*